# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRETT L. SHARP, #N38007,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-00066-SMY |
| | ) |
| **SERGEANT SNELL,** | ) |
| **GEORGE A. DUDZINSKI,** | ) |
| **OFFICER D.D.,** | ) |
| **S. BENTON,** | ) |
| **and COUNSELOR HILL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Brett L. Sharp, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Plaintiff claims he has been threatened, has been subjected to a retaliatory shakedown, that his personal property was damaged and confiscated, and that a grievance was dismissed under false pretenses. (Doc. 1). He seeks monetary damages. *Id.*

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in his Complaint: On January 24, 2017, Plaintiff was informed by other inmates that a representative of the Prison Rape Elimination Act ("PREA") organization was present on seven gallery of the N-2 cell house. (Doc. 1, p. 13). He attempted to speak to her from the gallery and was informed by corrections staff that she would be walking down the five gallery next and he could speak to her then. *Id.* After he spoke with the PREA representative, Sergeant Snell asked him "what [his] fucken problem was" and told him "he would deal with [him] later." (Doc. 1, p. 14). As Snell stormed off, he told another officer they would be back to shakedown and ransack Plaintiff's cell. *Id.* Later that day, Officer Dudzinski and Officer Wine conducted a shakedown of Plaintiff's cell. *Id.* During the shakedown, a desk lamp was broken, a towel was damaged, legal documents were destroyed, and Plaintiff's television was confiscated. *Id.*

Plaintiff filed a grievance that was dismissed under false pretenses by Counselor Hill, Grievance Officer D.D., and S. Benton of the Review Board. (Doc. 1, p. 5). Counselor Hill dismissed his grievance on the basis that it was not filed within sixty days of the January 24, 2017 incident, but Plaintiff had placed the grievance in the counselor's box on March 20, 2017. (Doc. 1, p. 16).

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

    Count 1:    First Amendment retaliation claim against Defendants Snell, Dudzinski, and Wine for a retaliatory shakedown of Plaintiff's cell.

    Count 2:    Eighth Amendment claim against Defendant Snell for threatening Plaintiff by asking "what [Plaintiff's] fucken problem was," stating "he would deal with [Plaintiff] later," and threatening to shakedown and ransack Plaintiff's cell.

Count 3: Fourteenth Amendment due process claim against Defendants Dudzinski and Wine for destroying and depriving Plaintiff of certain items of his personal property.

Count 4: First and/or Fourteenth Amendment claim against Defendants Hill, Officer D.D., and Benton for dismissing/denying Plaintiff's grievance.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[1]

## Preliminary Dismissal

Plaintiff makes allegations against Officer Wine, but he is not identified as a defendant in the case caption or list of defendants. Accordingly, any claim Plaintiff intended to bring against Wine is dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be specified in the caption).

## Discussion

### Count 1

Plaintiff claims he was the subject of a retaliatory shakedown. Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). A "prisoner can state a claim for retaliatory treatment by alleging a chronology

---

[1] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

of events from which retaliation can be inferred." *Jellis v. Hulick*, 422 F.App'x. 548, 550 (7th Cir. 2011).

Plaintiff alleges officers conducted a shakedown of his cell, during which they damaged, destroyed, and confiscated his personal property, in retaliation against him for speaking to a PREA representative. He also alleges the threat for the shakedown came from Snell immediately following his conversation with the PREA representative, and that just hours later, the shakedown was conducted by Dudzinski and Wine. These allegations are sufficient for Count 1 to proceed against Snell and Dudzinski (as previously noted, Wine is not a named defendant in this action).

**Count 2**

The statements allegedly made by Snell do not rise to the level of a constitutional violation. In general, allegations of verbal abuse and threats are insufficient grounds for relief under Section 1983. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal harassment that causes physical or psychological pain may amount to cruel punishment under the Eighth Amendment. *Beal*, 803 F.3d at 357-58. Here, Plaintiff does not describe psychological pain or the type of verbal harassment sufficient to constitute cruel punishment. Therefore, Count 2 will be dismissed without prejudice.

**Count 3**

Plaintiff alleges that various items of his personal property were destroyed or confiscated during the shakedown of his cell, seeks compensation for some of those items. To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or

property without due process of law. Moreover, if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). In that vein, Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 Ill. Comp. Stat. 505/8 (1995). Thus, Plaintiff must pursue any claims for the loss of his property in the Illinois Court of Claims, and Count 3 will be dismissed without prejudice.

**Count 4**

Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the due process clause. *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Grieveson v. Anderson,* 538 F.3d 763, 772 & n. 3 (7th Cir.2008); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996)). "[A]ny right to a grievance procedure is a procedural right, not a substantive one." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). "Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*.

Further, the denial or mishandling of a grievance – standing alone – is not enough to violate constitutional rights. *Id.* ("mishandling of [prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim"); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Because Plaintiff does not allege any

5

involvement by Hill, Officer D.D., and Benton in any underlying constitutional violation, he fails to state a claim against them. Count 4 will therefore be dismissed without prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** will proceed against **Snell** and **Dudzinski**.

**IT IS FURTHER ORDERED** that **Counts 2, 3,** and **4** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants **Counselor Hill, Officer D.D.,** and **S. Benton** are **DISMISSED** without prejudice from the entire case. The Clerk is **DIRECTED** to TERMINATE those Defendants in the Case Management/Electronic Case Filing ("CM/ECF") system.

The Clerk of Court shall prepare for Defendants **Snell** and **Dudzinski**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or

disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: May 9, 2019**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days**

from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**