IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRETT L. SHARP,       )<br>              )<br>     Plaintiff,   )<br>              )<br>v.            )<br>              )<br>SGT. SNELL, et al.,   )<br>              )<br>     Defendants.  ) | Case No. 19-cv-66-RJD |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Brett Sharp, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff claims he has been threatened, subjected to a retaliatory shakedown, suffered damage to his personal property, and had a grievance dismissed under false pretenses. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding in this lawsuit on the following claim:

> Count One: First Amendment retaliation claim against Defendants Snell and Dudzinski for conducting a retaliatory shakedown of Plaintiff's cell.

More specifically, in his complaint, Plaintiff alleges Officers Snell and Dudzinski conducted a shakedown of his cell, during which time they damaged, destroyed, and confiscated his personal property, in retaliation for Plaintiff speaking to a PREA representative.

Now before the Court is the Motion for Summary Judgment filed by Defendants Snell and Dudzinski (Doc. 24), in which they argue Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff filed a timely response to Defendants' motion (Doc. 33). For the reasons set forth below, the Motion is **GRANTED**.

**Factual Background**

There is one grievance in the record before the Court concerning the January 24, 2017 shakedown at issue in this lawsuit (Doc. 25-1). According to the Declaration of Susan Hill, a former correctional counselor at Menard, she received this grievance on March 28, 2017 (Doc. 25 at 10, ¶ 11). Hill reviewed the grievance and determined it must be referred to the Grievance Officer (*Id.* at ¶ 13). This grievance was received and reviewed by the Grievance Officer on March 28, 2017 (Doc. 25-2). The Grievance Officer returned this grievance to Plaintiff because it was not submitted in the timeframe outlined in Department Rule 504 (*Id.*). Plaintiff appealed this decision to the Administrative Review Board ("ARB"), which received it on April 21, 2017 (Doc. 25-3). The ARB returned the grievance on May 3, 2017 because it was not submitted in the timeframe outlined in Department Rule 504 insofar as it was turned in "over 60 days to staff."

It also appears Plaintiff submitted this grievance to his counselor on March 31, 2017, after receiving the Grievance Officer's response. The counselor responded on April 4, 2017, indicating counselors do not address grievances regarding disciplinary reports and the Grievance Officer has already answered the grievance.

In response to Defendant's motion, Plaintiff asserts that he submitted the grievance on March 20, 2017, which was within the applicable 60-day timeframe. Plaintiff argues the onus should not be on him to ensure it was received by the Grievance Officer in a timely manner. Along with his response, Plaintiff included a note from Counselor Susan Hill in which she indicated it is the offender's responsibility to allow time for institutional mail.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on January 23, 2020. At the hearing, Plaintiff testified he submitted the relevant grievance on March 20, 2017 by placing it in the box at the front of the gallery for review.

Kelly Pierce, a current Grievance Officer at Menard, also testified at the hearing. Ms. Pierce testified she received the March 20, 2017 grievance on March 28, 2017, as reflected in Plaintiff's Cumulative Counseling Summary (*see* Doc. 39-1 at 3). Ms. Pierce explained that inmates submit grievances by placing them in locked boxes in the cellhouse living units or handing them to a counselor or gallery officer. Ms. Pierce testified that counselors check the locked boxes on "at least" a daily basis to retrieve the grievances.

## Legal Standards

*Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and

(e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the evidence in the record, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. The Illinois Administrative Code is clear, "[a] grievance must be filed with the counselor or Grievance Officer … within 60 days after the discovery of the incident, occurrence or problem that gives rise to the grievance." 20 ILCS § 504.810(a). Further, this circuit "has taken a strict compliance approach to exhaustion," and an inmate must "properly use the prison's grievance process." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The only grievance in the record relevant to the claims in this lawsuit was dated March 20, 2017, and was received by the counselor Susan Hill on March 28, 2017. Plaintiff testified he placed this grievance in the grievance box for review on March 20, 2017. The Court, however, does not find Plaintiff's testimony credible. Counselor Susan Hill attests that she, along with two other counselors, check the counselor's box for grievances at least once per day. This statement was corroborated by Grievance Officer Pierce's testimony, in which she indicated grievance boxes are checked at least once a day. Hill further attested that she received the

grievance at issue on March 28, 2017. Hill forwarded the grievance to the Grievance Officer for review due to the complaints being lodged, and it was addressed by the Grievance Officer on the same day of receipt — March 28, 2017. The grievance was returned to Plaintiff on April 4, 2017. There is no evidence or indication in the record that the processing of this grievance was in any way delayed by the institution. Rather, it appears it was addressed in a timely way on receipt. Accordingly, the Court finds the evidence in the record establishes the grievance was submitted on March 28, 2017. Because the incident Plaintiff was grieving occurred on January 24, 2017, the grievance was submitted beyond the 60-day timeframe required under the Illinois Administrative Code.

## Conclusion

Based on the foregoing, the Motion for Summary Judgment filed by Defendants Snell and Dudzinski (Doc. 24) is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 27, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**